UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE,
AT KNOXVILLE

FILED

2004 OCT 15 P 2: 16

U.S. DISTRICT COURT
EASTERN DIST. TENN.

BY________ DEP. CLERK

MALCOLM E. MARSHALL
150 Ogle Road
Madisonville, Tennessee 37354

Plaintiff

v.

Docket No. 3:04-cv-475
JURY DEMAND

Phillips/Shirley

CONNECTICUT VALLEY ARMS, INC.
a Georgia Corporation
with its principal place of business being located at
6487 Peachtree Industrial Boulevard
Doraville, Georgia 30360
with agent for service of process being
MR. ROBERT HICKEY
5988 Peachtree Corners East
Norcross, Georgia 30071;
and
BLACKPOWDER PRODUCTS, INC.
with its principal place of business being located at
5988 Peachtree Corners East
Norcross, Georgia 30071
with agent for service of process being
MR. ROBERT HICKEY
5988 Peachtree Corners East
Norcross, Georgia 30071;
and
WAL-MART STORES, INC.
with the principal place of business being located at
702 Southwest 8th Street
Bentonville, Arkansas, and
with agent for service of process being
CORPORATION SERVICE COMPANY
2908 Poston Avenue
Nashville, Tennessee 37203,

Defendants

COMPLAINT

Comes the Plaintiff, Malcolm E. Marshall, and sues the Defendants for damages and for cause of action shows to the Court as follows:

1. The Plaintiff, Malcolm E. Marshall is a citizen and resident of the State of Tennessee, residing in Monroe County, Tennessee.
2. The Defendants, Connecticut Valley Arms, Inc., (hereinafter referred to as CVA), and Blackpowder Products, Inc. (hereinafter Blackpowder) are Georgia Corporations with main offices located at 5988 Peachtree Corners East, Norcross, Georgia 30071, and are qualified to do business in the State of Georgia. Agent for service of process is Robert Hickey 5988 Peachtree Corners East, Norcross, Georgia 30071.
3. The Defendant, Wal-Mart Stores, Inc., (hereinafter referred to as Wal-Mart), is an Arkansas Corporation with its principal place of business located at 702 Southwest 8th Street, Bentonville, Arkansas, and is qualified to do business in the State of Tennessee. Wal-Mart's agent for service of process is Corporation Service Company, 2908 Poston Avenue, Nashville, Tennessee 37203.
4. The incident from which this lawsuit arises occurred in Monroe County, Tennessee on June 24, 2004.
5. This Court has jurisdictions pursuant to 28 USC § 1332 since the matter in controversy exceeds the sum or value of $75,000.00

exclusive of interest and cost and is between the citizens of different states.

6. On June 24, 2004, the Plaintiff, Malcolm E. Marshall, was using a Muzzleloader Rifle manufactured by CVA and Blackpowder. The rifle in question is a 50 caliber, 1:28 twist, serial number 6113112341 (the product). The Plaintiff's father purchased this rifle at Wal-Mart. The rifle was advertised as a "Mountain Stalker." The Plaintiff, Malcolm E. Marshall, had properly loaded the product and was using the appropriate powder, ball starter, and cap. Upon firing the weapon, the weapon exploded. Because of the explosion, the Plaintiff received serious injury to his left hand and arm including an open wound of the hand, wrist, finger, and additional injuries to his scalp and burns to his abdominal wall with additional burns to his face and neck. The Plaintiff received a significant blast injury to his left wrist and powder burns to his forehead. Mr. Marshall followed the standard loading procedures for the product in question on the day of the injury.

7. CVA and Blackpowder are engaged in the business of manufacturing and distributing firearms. The product was unreasonably dangerous and/or defective pursuant to TCA §29-28-101, et.seq, the Tennessee Product Liability Act. The product reached the consumer or user without substantial change in the condition in which it was manufactured, distributed or sold. CVA

and Blackpowder manufactured and placed in the stream of commerce a defective product.

8. CVA and Blackpowder were negligent in selling a hazardous product without taking all necessary, proper, and sufficient steps to ensure that the product was safe for its intended use. CVA and Blackpowder knew of the dangerous propensity of the product to fail during normal use and failed to take all necessary and prudent steps to ensure the safety of the consumer of the product.
9. CVA made express warranties that its product was safe for use, fit for the purposes intended and was of merchantable quality. As a direct result of this breach of warranty, the Plaintiff suffered severe and disabling injuries.
10. Wal-Mart, is involved in the distribution of products being used by the consuming public. The Defendant, Wal-Mart, sold and distributed the product. Wal-Mart sold the product in a defective or unreasonably dangerous condition. Wal-Mart was aware that CVA and Blackpowder had previously had a recall due to seriously defective products. In spite of having this knowledge, Wal-Mart continued to sell and distribute products manufactured by CVA and Blackpowder. Wal-Mart made express warranties that the products it sold were safe for their intended use, fit for the ordinary purposes for which products are sold, and that the products it sold were of merchantable quality.

11. CVA and Blackpowder knew that the nature of the product it manufactured and sold created a high risk of harm to users of their products and that there was a likelihood of harm if not manufactured, designed, and tested with an extremely high degree of care. The Defendant's sale of a defective firearm product represents a conscious, decision to create a substantial unjustifiable risk of injury or danger to the user. CVA and Blackpowder had previously been forced to recall many of its products due to dangerous defects. Despite having knowledge that improperly forged rifles or firearms could result in serious or even fatal injury to the ultimate user, the Defendants, CVA, continued to sell and market improperly tested and forged firearms.

12. As a result of the combined actions of the Blackpowder, CVA and Wal-Mart, Malcolm E. Marshall suffered serious injuries. He has incurred medical expenses in excess of $30,000.00. He continues under the care and treatment of a doctor and continues to receive treatment for his injuries. He has undergone pain and suffering and loss of enjoyment of life. He has permanent disfigurement and permanent impairment.

WHEREFORE, Plaintiff, Malcolm E. Marshall, demands judgment for an amount which is just and reasonable under the facts of this case and demands a jury to try this case.

THIS the 12 day of October, 2004.

W Holt Smith

W. HOLT SMITH, BPR NO. 004557,
Attorney for Plaintiff,
209 Tellico Street, North
Madisonville, Tennessee 37354
Phone: (423) 442-4012